OPINION
{¶ 1} Defendant-appellant, Dale R. Friesen (hereinafter "Friesen"), appeals the judgment of the Crawford County Municipal Court sentencing him to forty-five days incarceration, imposing a fine of $750.00 plus court costs, and suspending his commercial driver's license for two-years.
 {¶ 2} On May 29, 2004, Friesen operated a semi-truck on State Route 30 in Crawford County, Ohio. Friesen traveled in the eastbound lane and proceeded above the fifty-five mile per hour speed limit. He then attempted to pass two passenger vehicles in a no-passing zone. Friesen struck a pick-up traveling in the opposite direction. The driver of the pick-up, Daniel Brumfield, died immediately as a result of the impact.
 {¶ 3} On November 1, 2004, Friesen pleaded "no contest" to "vehicular homicide," a violation of R.C. 2903.06(A)(4) and a misdemeanor of the second degree.[1] The trial court subsequently found Friesen "guilty." On January 5, 2004, the trial court imposed the aforementioned sentence.
 {¶ 4} It is from this decision that Friesen appeals, setting forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court did not properly consider the sentencing factorspursuant to Ohio Revised Code § 2929.22 when imposing a jail sentence uponthe defendant.
 {¶ 5} In his first assignment of error, Friesen argues the trial court failed to properly weigh the misdemeanor sentencing factors set forth in R.C. 2929.22. For the reasons that follow, we find Friesen's first assignment of error lacks merit.
 {¶ 6} A misdemeanor sentence will not be disturbed on appeal unless the trial court abused its discretion. State v. Frazier,158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, at ¶ 15. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 158, 404 N.E.2d 144.
 {¶ 7} R.C. 2929.22 sets forth the sentencing guidelines for misdemeanor sentencing. R.C. 2929.22(A) provides that, unless a mandatory jail term is required, a sentencing court maintains discretion to determine the most effective way to achieve the purposes of sentencing set forth in R.C. 2929.21. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A).
 {¶ 8} R.C. 2929.22 then lists factors that a sentencing court, after considering the purposes of misdemeanor sentencing, must consider in imposing a sentence. R.C. 2929.22(B) reads, in pertinent part, as follows:
(1) In determining the appropriate sentence for a misdemeanor, thecourt shall consider all of the following factors: (a) The nature andcircumstances of the offense or offenses; (b) Whether the circumstancesregarding the offender and the offense or offenses indicate that theoffender has a history of persistent criminal activity and that theoffender's character and condition reveal a substantial risk that theoffender will commit another offense; (c) Whether the circumstancesregarding the offender and the offense or offenses indicate that theoffender's history, character, and condition reveal a substantial riskthat the offender will be a danger to others and that the offender'sconduct has been characterized by a pattern of repetitive, compulsive, oraggressive behavior with heedless indifference to the consequences; * * *(e) Whether the offender is likely to commit future crimes in general, inaddition to the circumstances described in divisions (B)(1)(b) and (c) ofthis section.
 {¶ 9} A review of the transcript of the sentencing hearing indicates that the trial court considered each of the relevant sentencing factors. Friesen notes, however, the pre-sentencing report established he had no criminal record, and the trial court found that he was neither a danger to others nor was he likely to recidivate. Based upon these findings, Friesen argues that the R.C. 2929.22(B) factors weigh against a forty-five day term of imprisonment.
 {¶ 10} The trial court placed a great deal of weight on Friesen's actions as the cause of the accident. In considering "the nature and circumstances of the offense," the trial court stated the following:
This man [Friesen] did what we've all done, he made a bad choice.However, I find it very aggravating that a person in any vehicle,especially a truck, would pass in the area in question. There was noreason to pass because all of the vehicular traffic was traveling,speeding, but not too fast. The testimony here is everybody was speeding,at one time or another, except the victim, I don't know anything abouthis car. So I find that the circumstances surrounding the offense areserious. It is serious anytime any of us pass.
 {¶ 11} The trial court maintained discretion to weigh the applicable sentencing factors and impose a sentence consistent with the purposes of misdemeanor sentencing set forth in R.C. 2929.21(A). The trial court heard testimony regarding the cause of the accident, arguments on behalf of both parties, and statements from the family and friends of the victim. Although Friesen maintained no prior criminal history and his potential for future violations was minimal, the significance of his offense and the consequences that ensued were readily apparent. Thus, the trial court could reasonably conclude that the "nature and circumstances of the offense" weighed heavily in favor of imposing a term of imprisonment and that the sentence imposed was consistent with the need "to punish the offender."
 {¶ 12} We must, therefore, conclude that the trial court did not abuse its discretion in weighing the applicable factors and sentencing Friesen to a term of forty-five days imprisonment.
 {¶ 13} Accordingly, Friesen's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The trial court's decision to impose a jail sentence was inconsistentwith sentences imposed for similar offenses committed by similaroffenders and therefore is contrary to law because it violates thepurposes of Ohio Revised Code § 2929.21.
 {¶ 14} In his second assignment of error, Friesen argues that his sentence is inconsistent with other sentences imposed on similarly situated offenders. For the reasons that follow, we find Friesen's argument unavailing.
 {¶ 15} Under R.C. 2929.21(B), a misdemeanor sentence must be "consistent with sentences imposed for similar offenses committed by similar offenders."[2]
 {¶ 16} On appeal, the party claiming that a sentence is inconsistent with the sentences given in other cases bears the burden of providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency. See State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 13, citing State v. Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-1522 (discussing consistency with similar crimes and similar offenders in the context of felony sentencing).
 {¶ 17} Friesen cites six vehicular homicide cases, all of which were misdemeanors of the first and second degree, involving what he believes to be similar crimes involving similar offenders. Friesen notes that the same trial court that sentenced him heard all six cases.[3] More importantly, Friesen observes that the trial court did not impose a term of imprisonment on any of the defendants.[4] Therefore, Friesen concludes that his sentence is contrary to R.C. 2929.21(B).
 {¶ 18} The amount of detail in cases submitted for comparison is important because the determination of what constitutes a "similar offense" and "similar offender" is problematic. Friesen maintains this court should infer that the circumstances surrounding his offense are similar to, or less egregious than, the circumstances in each of the cases cited because four of the cases involved first-degree misdemeanors and the pre-sentencing report established he had no prior criminal record.
 {¶ 19} Although the cases cited by Friesen all involved sentences for vehicular homicide, they are devoid of any facts, testimony, or other information that would allow for a thorough comparison. Rather, the information submitted includes nothing more than a "bare-bones" recitation of the charges and a summary of the sentences rendered in each case. We must, therefore, conclude that Friesen has failed to substantiate his burden.
 {¶ 20} Accordingly, Friesen's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The trial court erred in failing to consider community controlsanctions instead of jail.
 {¶ 21} In his third assignment of error, Friesen argues the trial court failed to consider community control sanctions under R.C. 2929.22(C) before imposing a forty-five day term of imprisonment. For the reasons that follow, we find Friesen's third assignment of error lacks merit.
 {¶ 22} R.C. 2929.22(C) provides, in part, as follows:
Before imposing a jail term as a sentence for a misdemeanor, a courtshall consider the appropriateness of imposing a community controlsanction or a combination of community control sanctions under sections2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code.
 {¶ 23} R.C. 2929.22 does not mandate that the record state that the trial court considered the applicable statutory factors. Consequently, this court will presume that the trial court, in sentencing a misdemeanor offender, has considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so. See State v. Ramirez, 3d Dist. No. 13-04-30, 13-04-31, 2005-Ohio-1430, at ¶ 29-30; State v.Ward, 3d Dist. Nos. 1-03-70, 1-03-73, 1-03-74, 1-03-75, 2004-Ohio-4156; accord State v. Kelly, 2nd Dist. No. 2004 CA 122, 2005-Ohio-3058, at ¶ 25-26; City of Maple Heights v. Sweeney, 8th Dist. No. 85415, 2005-Ohio-2820, at ¶ 8-10; State v. Adams, 5th Dist. No. 2002CA00089, 2003-Ohio-3169, at ¶ 16; State v. Polick (1995), 101 Ohio App.3d 428,431, 655 N.E.2d 820. "[U]nless the record contains an affirmative indication that the trial court failed to consider the statutory criteria, the trial judge's sentence will not be reversed." Ramirez,
2005-Ohio-1430, at ¶ 30, citing Polick, 101 Ohio App.3d at 431.
 {¶ 24} The transcript of the sentencing hearing reveals the trial court did not specifically discuss alternative community control sanctions under R.C. 2929.22(C). Nevertheless, the sentence imposed on Friesen falls within the statutory limits set forth in R.C. 2929.24, and there is no affirmative indication that the trial court failed to consider R.C. 2929.22. Therefore, the trial court is presumed to have considered the applicable portions of the statute.
 {¶ 25} Accordingly, Friesen's third assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] Although the trial court's judgment entry specifies Friesen was charged with and found guilty of "vehicular homicide," a violation of R.C. 2903.06(A)(4) constitutes "vehicular manslaughter" under the current and former versions of the statute. R.C. 2903.06(D). For purposes of consistency, we use "vehicular homicide."
[2] R.C. 2929.11(B) is the felony sentencing counterpart to R.C.2929.21(B). Like R.C. 2929.21(B), R.C. 2929.11(B) requires that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders."
[3] The Crawford County Municipal Court heard the following: (1) Statev. Schifer, Case No. 96-CRB-319B (Sept. 5, 1995); (2) State v. Zurowski,
Case No. 96-CRB-320B (Aug. 23, 1996); (3) State v. Grayson, Case No. 99-CRB-30 (July 7, 1999); (4) State v. Dear, Case No. 02-CRB-00104 (May 24, 2002); (5) State v. Shottenstein, Case No. 03-CRB-00036A (April 9, 2003); and (6) State v. Eldridge, aka, Fast, Case No. 02C-RB-01116 (April 9, 2003). Friesen failed to present any of the six cases to the trial court at any time prior to or during the sentencing hearing.
[4] In Grayson, the trial court imposed a one-hundred eighty day term of imprisonment but suspended one-hundred fifty days and required the defendant serve the remaining thirty days under home monitored arrest.