[Cite as *State v. Reid*, 2014-Ohio-1591.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CRAIG REID | : | Case No. 13-CA-68 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 12 CRB 02051


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 11, 2014


APPEARANCES:

For Plaintiff-Appellee

TRICIA M. MOORE
40 West Main Street
Newark, OH  43055

For Defendant-Appellant

ANDREW T. SANDERSON
73 North Sixth Street
Newark, OH  43055

*Farmer, J.*

{¶1} On May 18, 2012, Newark Police Officer Joseph Phillips was dispatched to the scene of an accident. Upon investigation, Officer Phillips determined appellant, Craig Reid, was unable to come to a complete stop in time and struck a vehicle being operated by Olan Lovelady. Mr. Lovelady underwent surgery for injuries sustained in the accident. Thereafter, he suffered a post-operative heart attack and died on June 1, 2013.

{¶2} On September 19, 2012, appellant was charged with one count of vehicular manslaughter in violation of R.C. 2903.06(A)(4). A bench trial commenced on May 29, 2013. Appellant was found guilty. By judgment entry filed July 30, 2013, the trial court sentenced appellant to thirty days in jail.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN PERMITTING THE INTRODUCTION OF HEARSAY EVIDENCE INTO THE PROCEEDINGS BELOW."

II

{¶5} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS BASED ON INSUFFICIENT EVIDENCE TO SUSATAIN THE SAME."

III

{¶6} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."

I

{¶7}    Appellant claims the trial court erred in permitting the introduction of hearsay evidence.  We disagree.

{¶8}    The admission or exclusion of evidence lies in the trial court's sound discretion.  *State v. Sage,* 31 Ohio St.3d 173 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶9}    Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶10}  Specifically, appellant points to two instances of inadmissible hearsay: 1) when Officer Phillips identified the victim of the accident as Olan Lovelady, and 2) when the coroner relied on Officer Phillips's report to formulate the cause of death.

{¶11}  Officer Phillips testified when he arrived at the scene, paramedics were removing the driver of a gold Buick from the vehicle and administering medical aid.  T. at 9-11.  Appellant's statement to Officer Phillips at the scene confirmed that as a result of being cut off by another vehicle, he struck the gold Buick.  T. at 8-9.  Officer Phillips obtained the driver's license of the victim and identified the victim as Olan Lovelady.  T. at 7.  Officer Phillips reviewed photographs admitted into evidence and identified the accident scene, including the victim's vehicle.  T. at 10-11.  Officer Phillips testified there was only one person in the gold Buick, Mr. Lovelady.  T. at 13.  Officer Phillips also

testified he had brief contact with Mr. Lovelady before he was transported to a hospital in Columbus.  T. at 17.

{¶12}  Based upon the testimony of Officer Phillips, we find his determination that the victim in the gold Buick was Mr. Lovelady does not constitute hearsay.

{¶13}  The coroner, Dr. Jan Gorniak, concluded Mr. Lovelady was in a car accident and died as a "result of complications of blunt impact to the trunk and extremities due to motor vehicle collision truck vs. car driver and was accidental in nature."  T. at 27.

{¶14}  Under Evid.R. 803(9), an exception to the hearsay rule, an official death certificate and corner's opinion in a report are admissible:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> **(9) Records of vital statistics.** Records or data compilations, in any form, of births, fetal deaths, deaths, or marriages, if the report thereof was made to a public office pursuant to requirement of law.

{¶15}  The central issue is whether the coroner's conclusions were based upon the "hearsay testimony" of Officer Phillips wherein he identified the victim as Mr. Lovelady, the deceased in the coroner's report.

{¶16}  We have found Officer Phillips's identification of Mr. Lovelady did not constitute hearsay, but was in fact a compilation of direct evidence that he personally

observed. Upon review, we conclude the coroner's opinion and report were not based upon hearsay.

{¶17} Assignment of Error I is denied.

## II, III

{¶18} Appellant claims his conviction for vehicular manslaughter was against the sufficiency and manifest weight of the evidence. Specifically, appellant claims there was no causal connection between the accident on May 18, 2013 and Mr. Lovelady's death on June 1, 2013, or any proof that Mr. Lovelady was the victim. We disagree.

{¶19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶20} Appellant was convicted of vehicular manslaughter (with the underlying misdemeanor offense being assured clear distance ahead) in violation of R.C. 2903.06(A)(4) which states the following:

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

(4) As the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor.

{¶21} Appellant argues there was no evidence to support the finding that Mr. Lovelady was the driver of the gold Buick. Based upon the testimony of Officer Phillips as discussed above, we find there was sufficient, credible, direct evidence to find Mr. Lovelady was the driver/victim of the gold Buick.

{¶22} Appellant also challenges the coroner's opinion of the cause of Mr. Lovelady's death (T. at 27):

The Newark Fire Department responded and transported him to Licking Memorial Hospital, Newark, Ohio. Examination revealed thoracic spine fracture and a right ulna fracture. Mr. Lovelady was immediately transferred by Critical Life Care to Grant Medical Center, Columbus, Ohio for further care. The Coroner's Office was notified and Trax Transport was dispatched this man was then transported to the Coroner's Office where an autopsy was performed. The death in this case with the end result of complications of blunt impact to the trunk and extremities due to motor vehicle collision truck vs. car driver and was accidental in nature.

{¶23} Dr. Gorniak explained further (T. at 28):

Mr. Lovelady had thoracic spine fractures when he underwent an operation to fuse those together and he had a heart attack…post operative heart attack, so after he had that surgery he had a heart attack. Therefore without the surgery he couldn't have a post operative heart attack and why did he have the surgery, because he had thoracic spine fractures and how did he have thoracic spine fractures because he was in a car crash.

{¶24} Although on cross-examination defense counsel persistently challenged the causation of death, the trial court accepted the undisputed testimony of the coroner.

{¶25} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶26} Upon review, we find appellant's conviction was based upon sufficient, credible evidence, and was not a manifest miscarriage of justice.

{¶27} Assignments of Error II and III are denied.

{¶28} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concur and

Hoffman, P.J. concurs separately.

SGF/sg 303

*Hoffman, P.J., concurring*

{¶29} I concur in the majority's analysis and disposition of Appellant's three assignments of error. I write separately only to note I am not convinced our standard of review of Appellant's first assignment of error is abuse of discretion. *Sage* deals only with the admission or exclusion of "relevant" evidence.