[Cite as *State v. Thadur*, 2016-Ohio-417.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 COA 018 |
| SRILATHA THADUR | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court,
Case No. 14 TRD 7577

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 4, 2016

APPEARANCES:

For Plaintiff-Appellee

RICHARD P. WOLFE, II
DIRECTOR OF LAW
ANDREW N. BUSH
ASSISTANT DIRECTOR OF LAW
1213 East Main Street
Ashland, Ohio 44805

For Defendant-Appellant

CHARLES A. KOENIG
TODD A. LONG
KOENIG & LONG
5354 North High Street
Columbus, Ohio 43214

*Wise, J.*

{¶1}   Appellant Srilatha Thadur appeals from her conviction, in the Ashland Municipal Court, on two misdemeanor counts of vehicular manslaughter. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On August 19, 2014, while it was still daylight, appellant was operating a Mercedes-Benz automobile eastbound on State Route 302 in Ashland County, Ohio, when she completely failed to stop at a stop sign at the intersection of 302 and U.S. Route 42. Her automobile thereupon struck a Chrysler van that was travelling southbound on Route 42. The collision resulted in the deaths of two passengers in the van, Loretta Meacham and Autumn Meacham. The driver of the van, Joshua Morr, and a three-year-old passenger survived the crash.

{¶3}   Appellant was subsequently charged with two counts of vehicular homicide, both misdemeanors of the first degree, and failure to yield at a stop sign, a minor misdemeanor.

{¶4}   On February 20, 2015, appellant, with the assistance of counsel, entered pleas of no contest to two amended charges of vehicular manslaughter (R.C. 2903.06(A)(4)), both misdemeanors of the second degree, with the stop sign charge dismissed.

{¶5}   On April 17, 2015, the matter proceeded to sentencing. The court was *inter alia* provided with a PSI report, an accident reconstruction report, and several character reference letters regarding appellant. Following said hearing, the trial court imposed consecutive ninety-day terms for each count, for a total sentence of one-hundred and eighty days in jail.

**{¶6}** On May 15, 2015, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:

**{¶7}** "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM CONSECUTIVE TERMS OF INCARCERATION WHICH WERE INCONSISTENT WITH THE OVERRIDING PURPOSES OF THE MISDEMEANOR SENTENCING REQUIREMENTS SET FORTH IN OHIO REVISED CODE SECTION 2929.21.

**{¶8}** "II. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM CONSECUTIVE TERMS OF INCARCERATION WITHOUT CONSIDERING THE FACTORS REQUIRED BY OHIO REVISED CODE SECTION 2929.22.

**{¶9}** "III. THE TRIAL COURT ERRED WHEN IT IMPOSED UPON APPELLANT THE LONGEST JAIL TERMS AUTHORIZED BY LAW, IN CONTRAVENTION OF THE SENTENCING LIMITATIONS REQUIRED BY ORC 2929.22(C)."

I.

**{¶10}** In her First Assignment of Error, appellant contends the trial court erred in sentencing her to maximum consecutive sentences on the two vehicular manslaughter counts, in light of the sentencing requirements of R.C. 2929.21. We disagree.

**{¶11}** Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21, citing *State v. Pass*, 6th Dist. Lucas No. L-92-017, 1992 WL 386011. *See*, *also*, *State v. Chadwick,* 5th Dist. Knox No. 08CA15, 2009-Ohio-2472, ¶ 30. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*

(1980), 62 Ohio St.2d 151, 404 N.E.2d 144. Furthermore, there is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005–Ohio–1046, ¶ 20.

**{¶12}** We first note there is no requirement of mandatory jail time for a violation of R.C. 2903.06(A)(4), vehicular manslaughter. However, the sentences ordered in the case *sub judice* were within the statutory ranges for these two second-degree misdemeanors. *See* R.C. 2929.24(A)(2).

**{¶13}** R.C. 2929.21(A) first states that "[a] court that sentences an offender for a misdemeanor *** shall be guided by the overriding purposes of misdemeanor sentencing. ***." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.; State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006-Ohio-3200, ¶ 21.

**{¶14}** In addition, R.C. 2929.21(B) states in pertinent part as follows: "A sentence imposed for a misdemeanor *** shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

**{¶15}** Thus, under R.C. 2929.21(A) and (B), as appellant properly summarizes in her brief, in order to achieve the purposes of protecting the public from future crime and punishing the offender, the sentencing court is to *inter alia* consider the offender's conduct, the impact of the offender's conduct on the victims, and the consistency of the sentence with sentences for similar offenses.

**{¶16}** In regard to the aforesaid statutory "overriding purposes" of misdemeanor sentencing, the record before us indicates appellant, who is a medical doctor pursuing her residency requirements, has no prior criminal record, no prior convictions involving operation of a motor vehicle, and no demonstrated substance abuse issues. There was no allegation via the plea that appellant at the time in question was driving recklessly or operating under the influence of drugs or alcohol. The trial judge, in his colloquy with appellant at sentencing, seemed convinced that the deadly collision was basically "the fault of you not paying attention as you approached that intersection." Tr., April 17, 2015, at 12. The judge also noted that " *** I get that this is a dangerous intersection" and that "there are quite a few accidents in that area." Sentencing Tr. at 8.

**{¶17}** However, the trial court observed that appellant, despite her medical training, had done very little on the day in question to assist the crash victims from the van. *See* Sentencing Tr. at 13-14. In addition to Loretta Meacham and Autumn Meacham, who were ejected and fatally injured, a three-year-old child in the van was having breathing difficulties and had turned blue. Appellant mostly stayed in her car after the crash, although she told the court at sentencing that she had suffered a concussion at the scene and felt as if she were in a dreamlike state. *See* Tr. at 17. It was then up to some passing motorists, including an off-duty nurse, to assist the victims before first responders

arrived. The court also observed that Autumn had been a twenty-five year-old mother, and that Loretta, age seventy-seven, had acted as a "spiritual leader" to her family. *See* Tr. at 27.

**{¶18}** Accordingly, we find the trial court, at sentencing, adequately considered the offender's conduct and the impact of the offender's conduct per the statute.

**{¶19}** In regard to the consistency in sentencing argument, appellant bears a significant burden and must provide us with the detail necessary to establish that the sentence is inconsistent with other relevant sentences. *See State* v. *Friesen,* 3rd Dist. Crawford No. 3-05-06, 2005-Ohio-5760, ¶ 16 - ¶ 19. Ohio courts have recognized that consistency in sentencing does not necessarily mean uniformity. *See State v. Ryan,* 1st Dist. Hamilton No. C–020283, 2003–Ohio–1188, ¶ 10 (addressing felony sentencing). As an appellate court, we may decline to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. *State v. King,* 5th Dist. Muskingum No. CT06–0020, 2006-Ohio-6566, ¶ 26 (addressing felony sentencing).  Appellant herein does not refer us to any cases from the Ashland Municipal Court, but she cites a vehicular homicide case and a vehicular manslaughter case from two other appellate districts and three vehicular manslaughter cases from the Fifth District.[1] Of the latter three cases, none of the sentences were more than thirty unsuspended jail days.

---

[1]   *See State v. Johnson*, 2nd Dist. Greene No. 04-CA-126, 164 Ohio App.3d 792, 2005-Ohio-6826; *State v. Friesen*, *supra*; *State v. McDonald*, 5th Dist. Licking No. 2006-CA-80, 2007-Ohio-4384; *State v. Simpson*, 5th Dist. Knox No. 2007CA00022, 2008-Ohio-1165; *State v. Reid*, 5th Dist. Licking No. 13-CA-68, 2014-Ohio-1591.

{¶20} Having considered the foregoing, we find appellant's inconsistency claim to be insufficient to warrant reversal of her sentences.

{¶21} Accordingly, upon review, we find the trial court properly considered the aforementioned facts as part of its R.C. 2929.21 analysis, and the trial court did not abuse its discretion in this instance in ordering maximum consecutive jail sentences for the two second-degree misdemeanors.

{¶22} Appellant's First Assignment of Error is therefore overruled.

II.

{¶23} In her Second Assignment of Error, appellant argues the trial court erroneously failed to consider the factors for misdemeanor sentencing under R.C. 2929.22 in ordering maximum consecutive jail terms. We disagree.

{¶24} R.C. 2929.22 states in pertinent part as follows:

(A) Unless a mandatory jail term is required to be imposed *** a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The

court shall not impose a sentence that imposes an unnecessary burden on local government resources.

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of

the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶25}** "***."

**{¶26}** Even where a record is silent, we must presume the trial court considered the proper factors enumerated in R.C. 2929.22. *State v. Kandel*, 5th Dist. Ashland No. 04COA011, 2004-Ohio-6987, ¶ 25.

**{¶27}** Appellant essentially maintains that of the (B)(1)(a) through (g) factors set forth above, only (B)(1)(a) is applicable to her. We disagree, and find (B)(1)(d) (the impact of victim's youth, age, disability, or other factor on the seriousness of the offense) and (B)(1)(e) (likelihood of future crimes in general) would apply as well.  At the sentencing hearing, despite having earlier stated that the intersection was dangerous (Tr. at 8), the trial court noted that although there is a gradual curve on Route 302 eastbound ending more than one-thousand feet before the intersection on U.S. Route 42, the curve had nothing to do with the accident. Tr. at 9. The court also recognized that a sign is posted on 302 more than 1,700 feet from the intersection warning drivers of an upcoming stop sign. *Id.* The court also referenced the daylight and dry pavement at the time of the accident, and observed that appellant had been driving a "very capable automobile." *Id.*

**{¶28}** The court also noted that appellant, on the morning of the sentencing hearing, had initially sent a family member to tell the court she would not attend the sentencing hearing due to a sleep disorder test. *See* Tr. at 15. Although appellant did show up for the sentencing hearing with her counsel, the court indicated "there is that sense I get from you that your concern is about you and not [the victims' family members]." *Id.* However, after interacting with appellant at the hearing, the judge later stated: "*** I do believe that you feel remorse for what happened out there and that you did accept responsibility for it." Tr. at 26. The judge also recognized that appellant is "involved in a profession that contributes a lot to our society." *Id.*

**{¶29}** Nonetheless, based on our review of the record, we find the trial court properly considered the factors of R.C. 2929.22 in its analysis, and the trial court did not abuse its discretion in this regard in ordering maximum consecutive jail sentences.

**{¶30}** Appellant's Second Assignment of Error is overruled.

III.

**{¶31}** In her Third Assignment of Error, appellant contends the imposition of maximum sentences was in contravention of the misdemeanor sentencing limitations set forth in R.C. 2929.22(C). We disagree.

**{¶32}** R.C. 2929.22(C) states: "Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to

prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."

**{¶33}** Because appellant has no known prior criminal history, the "conduct and response to prior sanctions for prior offenses" criterion of R.C. 2929.22(C) appears to be inapplicable herein. But in regard to the "worst forms of the offense" criterion, appellant concedes there is limited case law guidance as to what constitutes the "worst form" of a misdemeanor offense. Appellant's Brief at 25. She contrasts the facts of this matter with those of *State v. Rexroad*, 3rd Dist. Wyandot No. 16-08-21, 2009-Ohio-1657, which entailed concurrent maximum sentences on two counts of vehicular homicide (R.C. 2903.06(A)(3)(a)). The defendant in *Rexroad* was driving an overloaded dump truck, something for which he had been cited before, and apparently in approaching a stop sign chose instead to try to speed up to beat another vehicle through the intersection. *See id.* at ¶ 2, ¶ 12. While adamantly seeking to avoid demeaning the tragedy to the victims and their families, appellant urges that the fatal accident in her case resulted from her inattentiveness to the stop sign at the intersection and was exacerbated by nothing else on her part, unlike the events in *Rexroad*.

**{¶34}** However, upon review, we are unpersuaded the trial court's implicit determinations under R.C. 2929.22(C) under the circumstances presented were unreasonable, arbitrary or unconscionable. Appellant's Third Assignment of Error is therefore overruled.

{¶35} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, J., concurs.

Gwin, P. J., dissents.

_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

JWW/d 106

*Gwin, P.J., dissents*

{¶36} I respectfully dissent.

{¶37} The trial court in the case at bar places great emphasis on the appellant's failure to use "ordinary care." (T. at 27).

{¶38} The State of Ohio criminalizes the negligent operation of a motor vehicle that results in another's death. R.C. 2903.06(A)(3)(a). The state has further criminalized the violation of what would otherwise be a minor misdemeanor traffic offense if the violation results in another's death. R.C. 2903.06(A)(4). The fact that a death occurred is what makes the offense punishable as a criminal offense. Thus, every case will by necessity involve a fatality. Logically, then, the fact that a fatality occurred, standing alone, can never make the offense the "worst for of the offense." R.C. 2929.22(C). Indeed, the state does not mandate jail or prison time for every such offense. *Compare, R.C. 2903.06(B)(2)(a); (b); (c) and (E) [requiring mandatory prison time] with R.C. 2903.06(A)(3); (C) and (D)[not requiring a prison sanction].*

{¶39} In the case at bar, the trial court imposed the absolute maximum penalty for each count, consecutively upon a person who has no history of criminal or traffic offenses. Appellant's transgression was the failure to perceive and to stop at a stop sign, a charge that the state dismissed as part of the plea negotiations. No jury was empaneled. No witnesses or testimony was produced. The sole evidence in this case is the reconstruction report, the pre-sentence investigation report and the victims' statements. The trial court conceded that this is a dangerous intersection at which many accidents have occurred and that rumble strips had not been installed at the time of the accident. (T. at 8-9).

{¶40} The overriding purposes of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender. To achieve

those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). Further, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B). In determining the appropriate sentence, the court "shall consider"

**(a)     The nature and circumstances of the offense or offenses.**

{¶41}  As previously noted, a fatality is inherent in every case charged under R.C. 2903.06. Appellant's transgression was failing to perceive and stop for a stop sign. This transgression tragically resulted in the loss of two lives and the pain, and devastation of the lives of the survivors and their families.

**(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense.**

{¶42}  In the case at bar it is undisputed that appellant has no criminal or traffic violation history to consider. Nothing in the record suggests a "substantial risk" that appellant will commit any other criminal offense.

**(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;**

**{¶43}** There is no evidence or suggestion is contained within the record before this Court that there is a "substantial risk" that appellant will be a danger to others. Nor has appellant demonstrated any repetitive, compulsive or aggressive behavior with heedless indifference to the consequences. In the case at bar, the state dismissed the stop sign violation, which is a strict liability offense.

**{¶44}** The trial court was concerned about appellant's actions subsequent to the collision. However, appellant had suffered a neck injury with whiplash and had been diagnosed with a concussion and a brain hemorrhage. At the time of sentencing, appellant was undergoing treatment. (T. at 18).

**(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious.**

**{¶45}** The victims were not particularly vulnerable as this was a traffic accident. However, the impact upon the surviving child and the families cannot be understated; however, we must be mindful that this type of impact will happen in every case brought under R.C. 2903.06.

**(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.**

**{¶46}** No indication in the record that appellant will commit any future criminal offenses. The opposite is true in this case as any criminal offenses would have a serious and negative impact on her ability to practice medicine.

**(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;**

**(g) The offender's military service record.**

{¶47} Appellant never served in the military.

{¶48} In addition to the above-cited factors, before a trial court can impose any jail sentence, let alone the maximum jail sentence in a misdemeanor case, the court "shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code." No evidence is contained in the record that the trial court in this case considered any sanction other than jail.

{¶49} Finally, a "court may impose the *longest jail term* authorized under section 2929.24 of the Revised Code *only* upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime. R.C. 2929.22(C). (Emphasis added). Appellant has never been sanctioned before this case. Accordingly, a maximum consecutive jail term is not necessary deter her from committing a future crime. As previously noted, every violation of R.C. 2903.06 will result in a fatality. The fact that a fatality occurred does not make the appellant's conduct the "worst form of the offense."

{¶50} While the deference to the families and survivors of the crash cannot be understated and by no means trivialized, I find the sentence in the case at bar hard to

justify for any reason other than retribution. The legislative wisdom and guidance in this area cannot be ignored. Jail is not mandated in every case in which a fatality has occurred and the longest jail sentence is reserved to persons who have demonstrated that they will not learn from past leniency or have committed particularly egregious forms of crime.

{¶51} I do not find that the overriding purposes and principles of misdemeanor sentencing is promoted or furthered by the maximum consecutive sentencing in the case at bar. Therefore, I respectfully dissent.