**[Cite as *State v. Nutt*, 2024-Ohio-1204.]**

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| ELVIS NUTT, | : | | Case No. 23 CAC 11 0103 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal
                                 Court, Case No. 23CRB00891

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                March 29, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ALICIA HARRIS                             WILLIAM CRAMER
Assistant Prosecuting Attorney            470 Olde Worthington Rd, Ste. 200
City of Delaware                          Westerville, Ohio 43082
70 North Union St.
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** The appellant, Elvis Nutt, appeals his sentence imposed after he entered a plea of guilty. The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On August 15, 2023, the appellant was charged with one count of Assault in violation of R.C. §2903.13(A), one count of Inducing Panic in violation of R.C. §2917.31(A)(2), three counts of Aggravated Menacing in violation of R.C. §2903.21(A), and Disorderly Conduct in violation of R.C. §2917.11(B)(2).

**{¶3}** On September 28, 2023, pursuant to a plea agreement, the appellant pleaded guilty to one count of Assault in violation of R.C. §2903.13(A), one count of Inducing Panic in violation of R.C. §2917.31(A)(2), and one count of Aggravated Menacing in violation of R.C. §2903.21(A).

**{¶4}** On November 1, 2023, the trial court held a sentencing hearing. At the hearing, two of the appellant's victims addressed the court about the fear they still feel from the appellant's assault. The trial court sentenced the appellant to 180 days on each count, with ninety days suspended, to run consecutively. The appellant received seventy-nine days of jail credit. The term was to be followed by three years of community control to include mental health and alcohol assessments, and an anger management class. The appellant was to have no contact with the victims.

**{¶5}** The appellant timely filed a notice of appeal and raised the following Assignment of Error:

**{¶6}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING 90 DAYS ON EACH COUNT TO RUN CONSECUTIVELY FOR A TOTAL OF 270 DAYS IN JAIL."

## STANDARD OF REVIEW

**{¶7}** "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not by disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Schreiber*, 5[th] Dist. Licking No. 2022 CA 000098, 2023-Ohio-1864, ¶11, citing *State v. Thadur*, 5[th] Dist. Ashland No. 15 COA 018, 2016-Ohio-417, 59 N.E.3d 602, ¶11, internal citations omitted. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). There is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster*, 5[th] Dist. Ashland No. 04COA061, 2005-Ohio-1046, ¶20.

## ANALYSIS

**{¶8}** R.C. §2929.22 governs sentencing on misdemeanors and states, in relevant part, the following:

(B)(1) In determining the appropriate sentence for a misdemeanor, the court

shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or

offenses indicate that the offender has a history of persistent criminal

activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense and offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

* *

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may

impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense.

{¶9} R.C. §2929.21 as referenced in R.C. §2929.22(B)(2) states the following in pertinent part:

(A)    A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

{¶10} There is nothing in the misdemeanor sentencing statute that requires the court to set forth its analysis regarding the purposes and principles of sentencing. See R.C. §2929.21; 2929.22. Rather, we presume the court considered the factors unless the record affirmatively shows that the court failed to consider the purposes of sentencing or the sentence is strikingly inconsistent with the relevant considerations. *State v. James*,

7th Dist. Columbiana No. 07CO47, 2009-Ohio-4392, ¶50 (in a felony case), relying on *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988). Thus, a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *Id.*

**{¶11}** The appellant contends that the record does not support the imposition of 270 days in jail. At the sentencing hearing, the trial court noted that the appellant has a long criminal history dating back to arrests beginning in 1986 and convictions beginning in 2008. The victims both spoke at the sentencing hearing of the fear they still fear from the appellant's assault. The appellant blames this incident and his criminal history on drug and alcohol abuse, and that this was out of character. Upon review of the entire record, we find that the trial court did not abuse its discretion in sentencing appellant to 270 days in jail. The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶12}** The appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶13} For the for foregoing reasons, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.