[Cite as *State v. Ducksworth*, 2025-Ohio-480.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| JULIAN DUCKSWORTH | Case No. 2024CA00084 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2024CR0252

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:        February 12, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KYLE L. STONE                         BERNIE L. HUNT
Prosecuting Attorney                  2395 McGinty Road, N.W.
Stark County, Ohio                    North Canton, Ohio 44720

CHRISTOPHER A. PIEKARSKI
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza, South, Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Julian Ducksworth appeals the judgment entered by the Stark County Common Pleas Court convicting him following jury trial of theft (R.C. 2913.02(A)) and criminal trespass (R.C. 2911.21(A)(1)(D)(1)), and sentencing him to an aggregate term of incarceration of 180 days. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 20, 2024, K.G. was working as the store manager of the Dollar Tree on Cherry Avenue in Canton, Ohio. Around 7:40 p.m., she observed Appellant placing items inside a large grocery bag. K.G. told Appellant to drop the bag and stop stealing. Appellant continued to place items inside the bag.

{¶3} K.G. blocked the store's exit doors, and asked Appellant to drop the bag before she would allow him to leave. Appellant said, "[D]on't make me do this." Tr. 112. Appellant pushed through K.G. and the door, exiting the store. K.G. followed Appellant to the parking lot, where a struggle for the bag ensued. The bag's straps broke, and all items were recovered by the store. Appellant walked away.

{¶4} Canton Police Officer Michael Bartel responded to the scene. He watched the store's surveillance video and a cell phone video of the incident, from which it "appeared" Appellant used his body to push through K.G. and out the doors of the store. Officer Bartel also testified Appellant had been trespassed from the store on September 1, 2023.

{¶5} Appellant was indicted by the Stark County Grand Jury with one count of robbery with a repeat violent offender specification, and one count of criminal trespass. The case proceeded to jury trial in the Stark County Common Pleas Court.

{¶6} At trial, K.G. testified while exiting the store, Appellant pushed her, knocking her to the ground. She testified her chest hurt for several days after the incident. K.G. told police at the scene Appellant did not touch her. However, at trial K.G. suggested she might have told police Appellant didn't touch her in response to a bystander who suggested to police Appellant choked K.G. She could not recall word-for-word what she told police at the scene.

{¶7} Appellant testified at trial. Appellant admitted he stole household cleaning items and food from the store. However, he denied pushing K.G. and knocking her to the ground while leaving the store.

{¶8} Appellant requested a lesser-included offense jury instruction of theft on the charge of robbery. The trial court instructed the jury as requested. The jury found Appellant not guilty of robbery but guilty of the lesser-included offense of theft, and also of criminal trespass. The trial court sentenced Appellant to 180 days incarceration for theft and 30 days incarceration for criminal trespass, to be served concurrently, for an aggregate term of 180 days incarceration. It is from the April 30, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

II. APPELLANT'S ACTIONS WERE NOT THE MOST SERIOUS CONDUCT CONSTITUTING THE OFFENSE OF THEFT, AND THUS DID NOT NECESSITATE A MAXIMUM SENTENCE.

I.

{¶9} In his first assignment of error, Appellant argues his trial counsel was ineffective for requesting a jury instruction on the lesser-included offense of theft, and putting Appellant on the stand confessing his guilt to the lesser-included offense. Counsel conceded in opening statement Appellant stole items from the store, and the case turned solely on whether he pushed K.G. to the ground.

{¶10} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136, (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶11} "Concessions of guilt, in any form, are among the most troublesome actions a defense counsel can make during representation of a defendant." *State v. Goodwin*, 84 Ohio St. 3d 331, 336 (1999). However, claims of concession of guilt, like any action by counsel a defendant later asserts to constitute ineffective assistance, must be reviewed under the test established in *Strickland*. *Id.* at 336-337. "Concessions of guilt by defense counsel must be considered on a case-by-case basis. All of the facts, circumstances, and evidence must be considered." *Id.* at 338. When defense counsel concedes his client's guilt to a charge in an effort to enhance credibility by being candid

and realistic with the jury, such a decision may be construed as tactical or strategic, and therefore does not constitute ineffective assistance of counsel. *Id.* at 338–339.

**{¶12}** Concessions of guilt may be "decisions made as part of a sound trial strategy to be given deference on review." *State v. Cobb*, 2015-Ohio-2752, ¶ 26 (5th Dist.). This Court held an admission of guilt in order to avoid a more severe sentence was sound trial strategy:

> Appellant's fourth proposed Assignment of Error has no merit. Having reviewed the entire transcript, this Court concludes that the concession made by the defense counsel regarding Appellant's guilt was reasonable in light of the evidence. Appellant admitted to stabbing his son and causing the death of the thirty-two-month-old child. Counsel's trial strategy was not to acquit the Appellant, but rather to convince the jury that they should recommend a life sentence, rather than a death sentence. Counsel's strategy proved to be successful. Therefore, counsel's admission of guilt was a reasonable strategic decision and did not constitute deficient representation. For these reasons, we hereby overrule Appellant's fourth potential Assignment of Error.

**{¶13}** *State v. Luke*, 2004-Ohio-6137, ¶ 31 (5th Dist.).

**{¶14}** Similarly, in the instant case, counsel's strategy was not to acquit Appellant, but to avoid conviction of the felony offense of robbery and it's attendant repeat violent

offender specification.  In this case, as in *Luke*, counsel's strategy was successful, and Appellant was convicted of the misdemeanor offense of theft.

**{¶15}**  Further, Appellant has not demonstrated had counsel not conceded his guilt to theft and requested a lesser-included offense instruction in accordance with his testimony, he would have been acquitted of robbery.  While some inconsistency existed between K.G.'s testimony at trial and her prior statement to police, K.G. testified at trial Appellant pushed her through the door, causing her to fall, and resulting in pain in her chest for several days.  The jury might have found Appellant guilty of robbery, rather than acquitting him altogether, if only presented with "all-or-nothing" options.  We find Appellant has not demonstrated his trial counsel was ineffective.

**{¶16}**  The first assignment of error is overruled.

II.

**{¶17}**  In his second assignment of error, Appellant argues the trial court erred in imposing the maximum sentence of 180 days incarceration for theft.

**{¶18}**  Appellant's argument is based on the sentencing factors set forth in R.C. However, R.C. 2929.12 applies to felony sentencing.    In the instant case, Appellant was convicted of a misdemeanor offense.

**{¶19}**  Misdemeanor sentencing is generally left to the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Thadur*, 2016-Ohio-417 ¶ 11, *citing State v. Smith*, 2006-Ohio-1558 (9th Dist.) ¶ 21.  The term "abuse of discretion" connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶20} R.C. 2929.21(A) provides:

(A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

{¶21} Factors to be considered in misdemeanor sentencing are set forth in R.C. 2929.22(B):

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent

criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶22}** In the instant case, the trial court noted at sentencing Appellant had more than fifty prior petty theft convictions, five prior breaking and entering convictions, and one prior robbery conviction. We find the trial court did not abuse its discretion in sentencing Appellant to the maximum term of 180 days incarceration.

**{¶23}** The second assignment of error is overruled.

**{¶24}** The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J.
King, J. concur