[Cite as *State v. Smith*, 2019-Ohio-3049.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

IVAN J. SMITH

    Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. CT2018-0064

O P I N I O N

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. CR2016-0317

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 26, 2019

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
TAYLOR P. BENNINGTON
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Wise, P. J.*

**{¶1}** Defendant-Appellant Ivan J. Smith appeals the denial of his motion for a restraining order by the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The facts and procedural history are as follows:

**{¶4}** On July 13, 2016, Muskingum County Sheriff's dispatch received a complaint about the odor of marijuana coming from the residence located at 128 Hamline Ave., Zanesville, Ohio. The complaint also stated that the occupants at the residence were trafficking in drugs.

**{¶5}** Colleena Johnson ("Colleena") and Appellant lived at 128 Hamline Ave. 130 Hamline Ave. was vacant at the time. (Trial, Vol. I, p. 157, 159; Vol. II, p. 455). Their residence is a duplex with 130 Hamline Ave., wherein 128 is on the south side and 130 is on the north side. (T. at 157).

**{¶6}** In response to the complaint, officers approached the residence to conduct a "knock and talk". (T. at 152-53). Officers noticed the odor or raw marijuana, which became stronger when Colleena came out after the officers knocked. (T. at 155-56). Colleena refused to give consent for a search of the residence. Officers secured the residence while Detective Matt Wilhite ("Det. Wilhite") left to procure a search warrant. (T. at 156). Colleena, who was not permitted to re-enter the residence without being accompanied by an officer, left on foot. It took a little over an hour for Det. Wilhite to return with a signed search warrant.

**{¶7}** Additionally, officers received consent from Dan Reinstetle, the owner of the duplex, to search the vacant 130 Hamline Ave. residence to confirm the odor of marijuana was not coming from it. (T. at 159). Officers also found nine (9) marijuana plants outside, on the south side (128 side) of the duplex, in pots that resembled pots that were later discovered inside 128 Hamline Ave. (T. at 167). The marijuana plants outside had labels on them to identify their strand. (T. at 169).

**{¶8}** Inside 128 Hamline Ave., officers found Christmas tags that read "To Ivan, From Col", mason jars with labelling, and Ziploc vacuum sealed bags with handwriting that was similar to the handwriting on the labels on the marijuana plants outside. (T. at 170-71, 173). There was also marijuana residue on the bottom of the mason jars and the labels for other strands of marijuana. (T. at 171-72).

**{¶9}** Officers also found five (5) butane cans inside the residence, which Det. Wilhite testified were frequently used to process marijuana to manufacture hashish. (T. at 172). Hashish was also found. (T. at 467-69).

**{¶10}** During the search, officers also found duct tape that matched duct tape on the marijuana plants outside, as well as duct tape that would later be found in the basement and at a storage unit. (T. at 173-74).

**{¶11}** A book named Cannabis Indica was found next to a cedar chest in a room upstairs. (T. at 176). Inside that cedar chest were four (4) more mason jars with labels, vacuum sealed bags, and a plastic tote that had Appellant's fingerprint on it. (T. at 177, 392-94). There was a desk in the room that had mail and multiple documents in the name of Appellant. (T. at 83-84, 205). Officers also found a Styrofoam cup with methamphetamine inside of it. (T. at 180, 182, 301, 467-69).

{¶12} In a closet behind some clothes was a staircase that led to the attic, which had been secured by coat hanger wire. (T. at 184). The attic can only be accessed from 128 Hamline Ave., not from 130 Hamline Ave. (T. at 166, 269-70). In the attic, eighty-four (84) full plants, fresh, with wet and damp soil, were found, as well as a large, plastic, industrial grinder with ground-up marijuana inside, more mason jars, a vacuum sealer, and other dried marijuana were found. (T. at 185, 188-89, 317-18). Appellant's fingerprints were on the grinder. (T. at 189, 392-94). There was no lighting in the attic and the temperature was above 100 degrees. (T. at 185, 273).

{¶13} Det. Wilhite testified about his knowledge of marijuana and that marijuana plants cannot grow in a space of that temperature and with no light, concluding that the plants had to have recently been placed there. (T. at 185-86, 188, 273). Colleena would not have had time to move the plants to the attic. (T. at 276).

{¶14} In the basement, officers found three (3) constructed hydroponic grow rooms wrapped in heavy black plastic with reflective plastic on the inside, grow lights, hydroponic stems, and filters, all used to grow marijuana. (T. at 192). There were also hydroponic clay balls and bamboo sticks, which matched hydroponic clay balls and bamboo sticks that were found with the outside marijuana plants. (T. at 194). There was a box for grow lights with the name Howard Bailey on it, who previously worked at Iroc's Hair Design Studio ("Iroc's"), which is the barbershop business that Appellant owns, located at 125 State Street. (T. at 196, 253). There was blue rope and blue pulleys holding up the LED grow lights from the ceiling. (T. at 196). Howard Bailey's fingerprint was on one of the LED grow lights, which he testified he had previously sold to Appellant. (T. at 255, 299, 366, 369). There was also Appellant's yellow-hooded sweatshirt, which he had

been seen wearing around town, and the matching pants were located in his vehicle parked outside. (T. at 197, 231). Finally, a bag of packaged (processed) marijuana was found inside the dryer. (T. at 414).

{¶15} Appellant's Ford Explorer was parked at 128 Hamline Ave. and was also searched. (T. at 229-31). Located in the vehicle was a blue pulley, a pair of yellow pants, Appellant's wallet and identification, credit cards, and numerous documents and receipts, including an electric bill for Iroc's, a Huntington Bank bill in the name of Appellant, and another Huntington Bank bill in the name of Ivan J. Smith dba Iroc's Hair Design Studios. (T. at 231-32, 236, 319-320).

{¶16} In the cedar chest was also a payment book/receipts for Five Star Store It in the name of Appellant and his company Iroc's. (T. at 203-04). That storage unit was rented in Appellant's name for Iroc's. (T. at 252-53, 409). A K9 alerted to the presence of narcotics in the storage unit that Appellant/Iroc's was renting. (T. at 332). A search of the storage unit revealed 2x4 framing, ventilation piping with heavy plastic stapled to it, vacuum sealed bags with similar writing as those found at 128 Hamline, reflective plastic, and hydroponic clay balls, all similar to those found at 128 Hamline Ave. (T. at 215-217, 221-223). There was also a hydroponic water pump system, further documents in the name of Appellant, heavy black plastic and duct tape similar to that found in the basement at 128 Hamline Ave., and a hair salon chair with marijuana residue on it. (T. at 223, 226). The receipt for Indoor Gardens found in the Ford Explorer led detectives to visit Indoor Gardens and retrieve the merchant copy which showed that Appellant purchased grow lights and other materials using his Huntington Bank business account card. (T. at 235, 248-252, 362-363).

{¶17} The scene was processed, evidence collected, and was sent away for testing and analysis. (T. at 254). The grinder, plastic bin, and lighting systems were processed for fingerprints. (T. at 337-338, 346-347). Five (5) of the fingerprints came back identifying Appellant, one fingerprint belonged to Howard Bailey. Colleena's prints were excluded from being on the evidence. (T. at 392, 394).

{¶18} The marijuana was tested and weighed and came back with a combined weight of 1.28 kilograms, or 1,280 grams. (T. at 439, 445-446). The hashish was tested and weighed 13.05 grams, the methamphetamine was tested and weighed less than 0.10 grams. (T. at 467-469).

{¶19} During the search, Appellant called Detective Todd Kanavel. Appellant was upset and asking why they were searching the house. (T. at 415). Appellant called back asking if he needed to turn himself in, and while referring to the grow lights, stated "the stuff isn't even turned on". (T. at 416-17).

{¶20} On October 12, 2016, Appellant was indicted as follows:

Count 1: Possession of drugs (Marijuana), in violation of R.C. §2925.11(A), a felony of the third degree,

Count 2: Cultivation of Marijuana, in violation of R.C. §2925.04(A), a felony of the third degree, with a forfeiture specification;

Count 3: Possession of drugs (Hashish), in violation of R.C. §2925.11(A), a felony of the fifth degree;

Count 4: Possession of drugs (Methamphetamine), in violation of R.C. §2925.11(A), a felony of the fifth degree;

Count 5: Possession of criminal tools, in violation of R.C. §2923.24(A), felony of the fifth degree;

Count 6: Money laundering, in violation of R.C. §1315.55(A), a felony of the third degree, with a forfeiture specification.

**{¶21}** On January 31, 2017, Appellant filed a motion to suppress.

**{¶22}** On February 10, 2017, a hearing was held on Appellant's motion to suppress. The trial court denied the motion.

**{¶23}** On February 12, 2017, a jury trial commenced in this matter. One hour into *voir dire*, the trial was continued due to Appellant's wish to fire his counsel and Appellant's counsel moving the court to allow him to withdraw as counsel.

**{¶24}** Following deliberations, the jury found Appellant guilty on Counts One, Two, Three, Five and Six, and the forfeiture specifications.

**{¶25}** On June 14, 2017, a sentencing hearing was held. At said hearing, the trial court merged Counts One and Two for purposes of sentencing and sentenced Appellant to thirty (30) months on those counts, twelve (12) months on Count Three, twelve (12) months on Count Five and thirty (30) months on Count Six. Counts Two and Six were ordered to run consecutively to one another. Counts Three and Five were ordered to run concurrently with each other and with the sentence on Counts Two and Six, for an aggregate prison term of sixty (60) months. The applicable property, including real estate located 125 State Street, Zanesville, Ohio, was also ordered to be seized and forfeited to the State of Ohio and transferred to the County of Muskingum. The trial court waived the mandatory $5,000 fine.

**{¶26}** On July 10, 2017, Appellant appealed his conviction to this Court.

{¶27} By Opinion and Entry dated June 18, 2018, this Court affirmed the judgment of the Muskingum County Common Pleas Court, upholding the conviction.

{¶28} On October 31, 2017, the State of Ohio filed a Notice of Right to Petition the Court for a Hearing or Right to File and Affidavit, pursuant to R.C. 2981.01. The Notice was served on the Muskingum County Treasurer, the Muskingum County Clerk of Courts, the Muskingum County Child Support Enforcement Agency and the State of Ohio Department of Taxation.

{¶29} On November 15, 2017, the Muskingum County Child Support Enforcement Agency filed a Reply to the Notice.

{¶30} On April 6, 2018, the State of Ohio filed a Motion for Determination of Claims without Hearing and a Motion for Transfer of Real Estate by Court Order. Appellant, through his attorney, was served with a copy of said motions.

{¶31} By Entry dated April 6, 2018, the trial court granted the Motion for Determination of Claims without Hearing and a Motion for Transfer of Real Estate.

{¶32} On July 12, 2018, Appellant filed a Motion for Temporary Restraining Order to prohibit the Muskingum County Child Support Enforcement Agency, the Ohio Department of Taxation, and the Muskingum County Clerk of Courts from acquiring the real property located 125 State Street, Zanesville, Ohio.

{¶33} On July 18, 2018, the State filed a Memorandum Contra Defendant's Motion for Temporary Restraining Order.

{¶34} By Judgment Entry filed July 26, 2018, the trial court found Appellant's motion for a restraining moot.

**{¶35}** On August 6, 2018, Appellant filed a Notice of Appeal with the Ohio Supreme Court. On November 13, 2018, the Ohio Supreme Court declined to accept jurisdiction.

**{¶36}** On September 21, 2018, Appellant filed an Application to Reopen his Appeal. On December 3, 2018, this Court denied the Application to Reopen.

**{¶37}** On October 15, 2018, Appellant filed a motion for a delayed appeal, which was granted by this Court on November 5, 2018. This appeal follows.

**{¶38}** On January 16, 2019, Appellant filed a Notice of Appeal with the Ohio Supreme Court. On April 18, 2019, the Ohio Supreme Court declined to accept jurisdiction.

**{¶39}** Appellant now appeals, raising the following assignment of error on appeal:

**ASSIGNMENT OF ERROR**

**{¶40}** "I. THE TRIAL COURT ERRED BY DENYING SMITH'S MOTION FOR A RESTRAINING ORDER."

**I.**

**{¶41}** In his sole assignment of error, Appellant argues the trial court erred in denying his motion for a restraining order. We disagree.

**{¶42}** R.C. §2981.06 governs "Proceedings upon Entry of Forfeiture Order", and states in relevant part:

(B) With respect to property that is the subject of a forfeiture order

issued under section 2981.04 or 2981.05 of the Revised Code, the court

that issued the order, upon petition of the prosecutor who prosecuted the

underlying offense or act or brought the civil forfeiture action, may do any of the following:

(1) Enter any appropriate restraining orders or injunctions; require execution of satisfactory performance bonds; appoint receivers, conservators, appraisers, accountants, or trustees; or take any other action necessary to safeguard and maintain the forfeited property;

*** 

(5) Authorize a stay of the forfeiture order pending appeal or resolution of any claim to the property if requested by a person other than the defendant or a person acting in concert with, or on behalf of, the defendant.

**{¶43}** Upon review, we find that pursuant to R.C. §2981.06, the only person authorized to petition the court for a restraining order, injunction or stay is the " prosecutor who prosecuted the underlying offense or act or brought the civil forfeiture action", not the defendant in that matter. In fact, the statute specifically prohibits "the defendant or a person acting in concert with, or on behalf of, the defendant" from requesting a stay.

**{¶44}** We further find that, in the case before us, at the time Appellant filed his motion for an injunction to stop the transfer, the real property had already been transferred to Muskingum County. We therefore find the trial court did not err in finding Appellant's motion moot.

{¶45}  Appellant's sole assignment of error is overruled.

{¶46}  Accordingly, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0715