[Cite as *State v. Kennedy*, 2020-Ohio-1128.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19AP0005 |
| BRANDON LEE KENNEDY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Morgan County
Court of Common Pleas, Case No.
19CR0015


JUDGMENT:      Affirmed in part; Vacated in part


DATE OF JUDGMENT ENTRY:      March 23, 2020


APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MARK HOWDYSHELL | JAMES ANZELMO |
| Prosecuting Attorney | 446 Howland Drive |
| 19 East Main Street | Gahanna, OH 43230 |
| McConnelsville, OH 43756 |  |

*Gwin, P.J.*

{¶1} Appellant Brandon Kennedy appeals the July 22, 2019 judgment entry of the Morgan County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} Appellant was indicted on February 7, 2019 in Case Number 19CR15 on the following charges: Count 1, trafficking in cocaine; Count 2, having weapons while under disability; Count 3, money laundering; and Count 4, possession of marijuana. On February 28, 2019, the trial court consolidated Case Number 19CR15 with Case Number 17CR49 for trial.

{¶3} The trial court held a plea hearing with respect to both 17CR49 and 19CR15 on May 22, 2019. As to 17CR49, in return for appellant pleading guilty to Counts 1, 3, and 6, as well as admitting to the forfeiture specification set forth as part of Count 1, appellee would dismiss Counts 2, 4, 5, and 7. With regards to Case Number 19CR15, in return for appellant pleading guilty to Count 1, appellee would dismiss counts 2, 3, and 4. The parties agreed to a sentencing recommendation of a total of fourteen years on both cases. Additionally, as long as appellant has no institutional record, appellee agreed to remain silent on a motion for judicial release. Appellant stated he understood the maximum prison term and fines for each count, was satisfied with his lawyer, voluntarily waived his rights, and wanted the trial court to accept his plea of guilty. The trial court ordered a pre-sentence investigation and set the matter for sentencing.

{¶4} At the sentencing hearing, counsel for appellant stated as follows: appellant accepted responsibility for his actions; as noted in his PSI, appellant is devoted to trying to obtain vocational training at the institution, specifically, earn a welding certificate and

become a welder; appellant has six children; and appellant's goal is to earn judicial release. Counsel for appellant moved the trial court to waive the mandatory fines and court costs in each case because appellant has no assets and will have no assets upon exiting the institution. Appellant took responsibility for his actions. With regards to the 17CR49 case, the trial court: sentenced appellant to a definite term of eleven years in prison on Count 1 and did not impose a fine; sentenced appellant to a definite term of 36 months in prison on Count 3, concurrent to Count 1, and imposed a mandatory fine of $5,000; and sentenced appellant to a definite term of 36 months on Count 6, concurrent with Counts 1 and 3, and imposed a mandatory fine of $5,000. The trial court sentenced appellant to three years in prison on the 19CR15 case, and waived the $10,000 fine in the 19CR15 case.

{¶5} As to the forfeiture issue, the trial court granted the forfeiture motion with regards to 17CR49. The trial court stated there was no forfeiture in 19CR15.

{¶6} The trial court issued a sentencing judgment entry on July 22, 2019 in 19CR15, sentencing appellant to three years in prison for Count 1, trafficking in cocaine, consecutive to the sentence in 17CR49. The trial court waived the $10,000 fine, but ordered appellant to pay court costs. Finally, the trial court stated, "all property as set forth in the forfeiture specifications in the indictment is forfeited."

{¶7} Appellant appeals the July 22, 2019 sentencing entry of the Morgan County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT UNLAWFULLY ORDERED KENNEDY TO FORFEIT PROPERTY, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE

FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶9} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING KENNEDY'S MOTION TO WAIVE COURT COSTS, IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I.

{¶10} In his first assignment of error, appellant argues the trial court's forfeiture order should be vacated because the indictment did not include a forfeiture specification and the trial court stated at sentencing that the conviction did not contain a forfeiture specification.

{¶11} Appellee concedes that the sentencing entry is erroneous because it contains a forfeiture order. Appellee states that while the indictment in Case 17CR49 included a forfeiture specification, the inclusion of the forfeiture order in the sentencing entry in 19CR15 was a clerical error.

{¶12} In this case, the indictment did not contain a forfeiture specification. At the sentencing hearing, the trial court specifically stated there was no forfeiture in Case 19CR15. Accordingly, the trial court erred in ordering appellant to forfeit property in this case. See *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042 (6th Dist. Lucas). Appellant's first assignment of error is sustained. We further find that the forfeiture order is severable from the remainder of the trial court's sentencing entry of July 22, 2019. Thus, only the forfeiture order is vacated.

II.

{¶13} In his second assignment of error, appellant contends the trial court abused its discretion in denying his motion to waive court costs. Appellant argues he has no liquid assets to pay court costs, has no real property to sell to pay court costs, his ability to pay is hindered by his lengthy incarceration, and he is indigent.

{¶14} R.C. 2947.23(A)(1)(a) requires a trial court to impose the costs of prosecution against all convicted criminal defendants. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. While the imposition of those costs is mandatory, the court may waive the payment of costs when the defendant is indigent. *Id.* R.C. 2947.23(C) permits the trial court to "waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶15} A trial court's denial of a defendant's motion to waive court costs is reviewed under an abuse of discretion standard. *State v. Smith*, 5th Dist. Muskingum No. CT2018-0063, 2019-Ohio-3048.

{¶16} Upon review, we find no abuse of discretion in this case. While appellant will be incarcerated for fourteen years, he will only be forty-three years old upon his release. Appellant is in good health. Appellant intends to take advantage of the vocational programs offered while in prison.

{¶17} Appellant's second assignment of error is overruled.

{¶18} Based on the foregoing, the July 22, 2019 judgment entry of the Morgan County Court of Common Pleas is affirmed in part and vacated in part. Appellant's first assignment of error is sustained. The forfeiture order is severable from the remainder of

the trial court's sentencing entry of July 22, 2019. Thus, only the forfeiture order is vacated. Appellant's second assignment of error is overruled.

By Gwin, P. J.,

Wise, John, J., and

Baldwin, J., concur