[Cite as *State v. Smith*, 2020-Ohio-5096.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2019-0077 |
| IVAN J. SMITH | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. CR2016-0317


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 28, 2020

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
TAYLOR P. BENNINGTON
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

IVAN J. SMITH
PRO SE
SOUTHEASTERN CORR. INSTITUTION
5900 B.I.S. Road
Lancaster, Ohio 43130

*Wise, John, J.*

{¶1} Appellant Ivan Smith appeals the judgment entered by the Muskingum County Court of Common Pleas denying his Motion for Leave to File a Delayed Motion for New Trial and his post-conviction petition when there was substantial evidence in the record to support his claims of a disparity in sentencing. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On July 13, 2016, officers from the Muskingum County Sheriff's office responded to a complaint about the odor of marijuana coming from 128 Hamline Ave., Zanesville, Ohio. The complaint also stated the occupants of 128 Hamline Ave. were trafficking in drugs.

{¶3} At the time Colleena Johnson and Appellant resided at 128 Hamline Ave., the south side of a duplex residence. The north side of that residence, 130 Hamline Ave., was vacant.

{¶4} Upon approaching the residence to conduct a "knock and talk," officers noticed the odor of raw marijuana became stronger when Ms. Johnson came out of the residence. Ms. Johnson refused to provide consent for officers to search the residence, so Detective Wilhite left to procure a search warrant. Ms. Johnson did not re-enter the residence.

{¶5} Officers received consent from Dan Reinstetle, owner of the duplex, to search 130 Hamline Ave. The officers confirmed the odor of marijuana was not coming from 130 Hamline Ave. Officers found nine marijuana plants outside, on the south side of the duplex, in pots. The marijuana plants outside had labels identifying their strand.

{¶6}   Upon receipt of the search warrant, officers searched 128 Hamline Ave. Inside, they found Christmas tags with Appellant's name on them, mason jars with labeling, and Ziploc vacuum sealed bags with handwriting that was similar to the handwriting on the labels on the marijuana plants outside the residence. Officers also found hashish and five butane cans inside the residence. Det. Wilhite testified butane is frequently used to process marijuana to manufacture hashish.

{¶7}   Officers also found duct tape matching the duct tape used on the marijuana plants found outside, and that would later be found in the basement and at a storage unit.

{¶8}   Upstairs, a book named *Cannabis Indica* was found next to a cedar chest. Inside the cedar chest were four more mason jars with labels, vacuum sealed bags, and a plastic tote that had Appellant's fingerprints on it. The upstairs desk had mail and multiple documents with Appellant's name. Officers also found a Styrofoam cup with methamphetamine inside of it.

{¶9}   In the attic, which was only accessible from 128 Hamline Ave., eighty-four full plants, fresh, with wet and damp soil were found, along with a large industrial grinder with ground-up marijuana inside with Appellant's fingerprints on it, more mason jars, a vacuum sealer, and other dried marijuana. Det. Wilhite testified that marijuana cannot grow in a space of such temperature and with no light, concluding the plants must have been moved there recently. Ms. Johnson would not have had the time to move the plants to the attic. The officers also found a cedar chest in the attic. Inside the cedar chest was a payment book/receipts for Five Star Store It in the name of Appellant and Iroc.

{¶10} In the basement of the residence, officers found three hydroponic grow rooms wrapped in heavy black plastic with reflective plastic on the inside, grow lights,

hydroponic stems, filters, all used to grow marijuana. There were also hydroponic clay balls and bamboo sticks, matching those found with the outside marijuana plants. Officers found a box for grow lights with the name "Howard Bailey" on it, who previously worked at Iroc's Hair Design Studio, a barbershop owned by Appellant. There was blue rope and blue pulleys holding up the LED grow lights. Howard Bailey's fingerprint was on one of the grow lights, which he testified he sold to Appellant. Finally, a bag of packaged marijuana was found inside the dryer.

{¶11} Law enforcement also searched Appellant's vehicle which was parked at the residence. Inside the vehicle officers found a blue pulley, Appellant's wallet and identification, credit cards, an electric bill for Iroc's, a Huntington Bank bill in the name of Appellant, a Huntington bank bill in the name of "Ivan J. Smith dba Iroc's Hair Design Studio's," and a receipt from Indoor Gardens, where detectives retrieved the merchant copy of the receipt which showed Appellant purchased grow lights and other materials using his Huntington Bank business account.

{¶12} At the storage unit a K9 alerted law enforcement to the presence of narcotics inside Appellant's unit. During a search of the unit, officers found 2x4 framing, ventilation piping with heavy plastic stapled to it, vacuum sealed bags with similar writing as those found at 128 Hamline Ave., reflective plastic, and hydroponic clay balls, all similar to those found at Appellant's residence. The storage unit also contained a hydroponic water pump system, further documents in the name of Appellant, heavy black plastic and duct tape similar to that found in the basement at 128 Hamline Ave., and a hair salon chair with marijuana residue on it.

{¶13} The marijuana was tested and weighed at the crime lab and came back at a weight of .128 kilograms, or 1,280 grams. The hashish was tested and weighed 13.05 grams. The methamphetamine was tested and weighed less than .1 grams.

{¶14} During the search Appellant called Detective Todd Kanavel. During the call Appellant asked if he needed to turn himself in and stated to the office, "The stuff isn't even turned on." T. at 416-417.

{¶15} Appellant was subsequently arrested.

{¶16} On October 12, 2016, Appellant was indicted for the Possession of Drugs (Marijuana), in violation of R.C. 2925.11(A), Cultivation of Marihuana, in violation of R.C. 2925.04(A), Possession of Drugs (Hashish), in violation of R.C. 2925.11(A), Possession of Drugs (Methamphetamine), in violation of R.C. 2925.11(A), Possession of Criminal Tools, in violation of R.C. 2923.24(A), and Money Laundering in violation of R.C. 1315.55(A).

{¶17} A jury found Appellant guilty of Illegal Manufacturing of Drugs, Possession of Drugs, Possession of Criminal Tools, and Money Laundering, with forfeiture specifications. Appellant was ordered to serve a five (5) year sentence, forfeit the applicable property, and pay court costs.

{¶18} On July 27, 2017, Appellant appealed his conviction to this Court.

{¶19} On June 18, 2018, this Court affirmed the judgment of the Muskingum County Common Pleas Court, upholding the conviction. *State v. Smith*, 5th Dist. Muskingum No. CT2017-0044, 2018-Ohio-2366.

{¶20} On May 23, 2018, Appellant filed a Motion to Vacate Costs in the Alternative for an order Allowing a Monthly Partial Payment Plan. On June 29, 2018, the State filed its opposition. On July 27, 2018, the trial court denied Appellant's motion.

{¶21} On August 6, 2018, Appellant filed a Notice of Appeal to the Ohio Supreme Court. On November 13, 2018, the Ohio Supreme Court declined to accept jurisdiction.

{¶22} On September 21, 2018, Appellant filed an Application to Reopen. On December 3, 2018, the Application to Reopen was denied.

{¶23} On January 16, 2019, Appellant filed a Notice of Appeal to the Ohio Supreme Court. On April 18, 2019, the Supreme Court declined to accept jurisdiction.

{¶24} On October 15, 2018, Appellant filed a Notice of Delayed Appeal. On November 5, 2018, this Court granted Appellant's delayed appeal. On July 26, 2019, this Court affirmed the judgment of the trial court. *State v. Smith*, 5th Dist. Muskingum No. CT2018-0063, 2019-Ohio-3048.

{¶25} On May 3, 2019, Appellant filed a Motion for Leave to File Delayed Motion for New Trial.

{¶26} On May 10, 2019, the State filed its opposition. Appellant replied on May 24, 2019.

{¶27} On October 15, 2019, the court denied Appellant's motion.

### ASSIGNMENTS OF ERROR

{¶28} On October 24, 2019, Appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶29}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL.

**{¶30}** II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY DENYING HIS POST-CONVICTION PETITION WHEN THERE WAS SUBSTANTIAL EVIDENCE IN THE RECORD TO SUPPORT HIS CLAIMS OF A DISPARITY IN SENTENCING."

**I.**

**{¶31}** In Appellant's First Assignment of Error, Appellant argues the trial court erred in denying Appellant's Motion for Leave to File a Delayed Motion for New Trial, and that Appellant's trial counsel was ineffective when he failed to subpoena Colleena Johnson, Patrolman Swingle, and Curtis Federal Supervision Officer Joe Moore. We disagree.

**{¶32}** Ohio Rule of Criminal Procedure 33 governs a motion for new trial, stating in pertinent part:

**(A)** **Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

...

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the

hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for New Trial; Form, Time.**

…

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**(B)      Affidavits required.**  The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit.

**{¶33}** "Motions for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court." *State v. Schiebel*, 55 Ohio St.3d 71, 76, 564 N.E.2d 54, 62 (1990). Also the decision of whether to hold an evidentiary hearing on a motion for leave to file a motion for new trial is also within the discretion of the trial court. *State v. Thornton*,

5th Dist. Muskingum No. CT2016-0041, 2017-Ohio-637, ¶39. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

**{¶34}** The verdict in Appellant's case was rendered on May 24, 2017, but his motion was not filed until May 3, 2019. "Because appellant's motion was filed well outside the 120-day period, he was required to obtain leave of court to file his motion for new trial." *State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, 68 N.E.3d 381, ¶17. To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discerning the evidence within the 120 days. *Id*. A party is "unavoidably prevented" from filing a motion for a new trial if they had no knowledge of the ground supporting the motion and could not have learned of the existence of that ground within the time prescribed for filing the motion in the exercise of reasonable diligence." *Id*. quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859, 865 (10th Dist. 1984).

**{¶35}** Appellant's proof must be more than conclusory allegations. "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶9. The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶11. Clear and convincing proof is that "which

will produce in the mind of the trier of facts a firm belief of conviction as to the facts sought to be established." *Schiebel, supra* at 74.

**{¶36}** The "unavoidably prevented" requirement in Crim.R. 33 mirrors the "unavoidably prevented" requirement in R.C. 2953.23. *Thornton* at ¶47. "The phrase 'unavoidably prevented' means that a defendant was both unaware of the facts and was unable to learn of them through reasonable diligence." *Id.*

**{¶37}** Thus, the central inquiry in Appellant's motion for leave to file a motion for a new trial is whether he was unaware of the facts disclosed by the evidence and whether he was unavoidably prevented from obtaining that information through reasonable diligence.

**{¶38}** The trial court correctly points out Appellant did not discover any new evidence. While the affidavit itself did not exist before trial, the evidence, that he did not reside at 128 Hamline Avenue and that he did not own the contraband found there at the time of trial, and existence of the witness, Ms. Johnson, was known at the time of the trial. As such, Appellant was not unavoidably prevented from discovering this evidence. Therefore, the trial court did not abuse its discretion in denying Appellant's motion without conducting an evidentiary hearing.

**{¶39}** Under his first Assignment of Error, Appellant also argues his trial counsel was rendered ineffective when he failed to subpoena Colleena Johnson, Patrolman Swingle, and Federal Supervision Officer Joe Moore, and add them to the defense witness list.

**{¶40}** Appellant has previously filed an appeal related to his conviction in 2017 and now points to an alleged error by citing the record of the proceedings before the trial

court that his counsel did not call Ms. Johnson, Patrolman Swingle, or Federal Supervision Officer Joe Moore as witnesses. These facts raise the issue of the applicability of the doctrine of *res judicata*.

**{¶41}** The doctrine of *res judicata*, "serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶18. Therefore, "any issue that could have been raised on direct appeal and was not is *res judicata* and not subject to review in subsequent proceedings." *Id.* at ¶16. As Appellant failed to raise the ineffective assistance of counsel argument as part of his direct appeal, the argument is barred by the doctrine of *res judicata,* and he cannot now raise it on appeal.

**{¶42}** Accordingly, we find the trial court did not abuse its discretion in denying Appellant's Motion for Leave to File a Motion for New Trial without an evidentiary hearing.

**{¶43}** Appellant's First Assignment of Error is overruled.

## II.

**{¶44}** In Appellant's Second Assignment of Error, he argues in his Motion for Leave to File Delayed Motion for New Trial that he was given an inconsistent sentence compared with other sentences for similar crimes. We disagree.

**{¶45}** In *State v. Frank*, 5th Dist. Muskingum No. CT2017-0102, 2018-Ohio-5148, 127 N.E.3d 363, ¶57, this Court stated:

> In regard to the consistency-in-sentencing argument, appellant bears a significant burden and must provide us with the detail necessary to establish that the sentence is inconsistent with other relevant sentences. *Thadur,* supra, 2016-Ohio-417, 59 N.E.3d 602 at ¶19, citing *State v.*

*Friesen*, 3rd Dist. Crawford No. 3-05-06, 2005-Ohio-5760, 2005 WL 2840722, ¶16-19. Ohio Courts have recognized that consistency in sentencing does not necessarily mean uniformity. *See State v. Ryan*, 1st Dist. Hamilton No. C-020283, 2003-Ohio-1188, 2003 WL 1094003, ¶ 10 (addressing felony sentencing). As an appellate court, we may decline to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. *Thadur*, supra, 2016-Ohio-417, 59 N.E.3d 602 at ¶20, citing *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, 2006 WL 3614754, ¶26 (addressing felony sentencing).

**{¶46}** Appellant submitted only one exhibit with his Motion for Leave to File a Motion for New Trial to show a disparity in sentencing. This exhibit, an Entry Nunc Pro Tunc (the sole purpose of this Entry is to address release of 2000 Custom motorcycle to Defendant), discloses what crimes defendant was convicted of, and defendant's sentence; it does not disclose any of the circumstances surrounding that sentence. Appellant's Exhibit 1. Appellant did not submitted a transcript from the trial, plea hearing, or sentencing hearing for this case or any other case mentioned in Appellant's brief. As such, Appellant has not provided this Court with the detail necessary to establish that the sentence is inconsistent with other relevant sentences.

**{¶47}**  Appellant's Second Assignment of Error is overruled.

**{¶48}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br  1019